[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION RE: DISMISSAL OF COTERMINOUS PETITIONS ON THE GROUND OF RES JUDICATA
On March 20, 1989 the Commissioner of the Department of Children and Youth Services ("DCYS) filed coterminous petitions in this case alleging that Monica C., who as born on December 21, 1988 was neglected in that "said child would be denied proper care and attention physically, educationally and emotionally" and that "she was permitted to live under conditions circumstances or associations injurious to her well being", and seeking to terminate her mother's parental rights. On December 14, 1989, the petition was amended to include the ground of neglect by abandonment.
A trial concerning the 1989 petitions was begun on December 14, 1989 was concluded on May 8, 1990. On August 29, 1990 the court (Axelrod, J.) rendered its decision finding that the petitioner had not proven any of the three grounds of neglect. The petitioner appealed this decision on September 12, 1990, but the appeal was subsequently withdrawn by DCYS.
On October 22, 1990 DCYS filed new coterminous neglect and termination petitions. The neglect petition again alleges that "said child would be denied proper care and attention physically, educationally and emotionally" and that "she was permitted to live under conditions circumstances or associations injurious to her well being." On November 27, 1990 the neglect petition was amended to include the allegation that "The child is `uncared for' within the meaning and intent of the laws of the State of Connecticut, Conn. Gen. Stat. Section 46b-120 in that she CT Page 689 would be homeless if returned to the custody of the Respondent mother."
The respondent has moved to dismiss the coterminous petitions alleging that the issue raised, having been decided in favor of the respondent by the court following the first trial, should be barred under the doctrine of res judicata. The petitioner argues that the current petitions, filed on October 22, 1990, after the conclusion of the first trial. Both parties cite In Re. John B., 20 Conn. App. 725 (1990) in support of their positions.
The essence of In Re. John B., supra, is that when successive termination petitions are filed, facts and circumstances which occurred before the first decision was rendered may be received into evidence, provided that new, substantial, and material facts arise which justify the bringing of a subsequent petition. (Emphasis added). The reason for permitting the petitioner to bring in facts that occurred before the adjudication date of the prior termination decision is to permit the court "to take into account the entire relationship between parent and child", as it is required to do so under the statutory provisions providing for a finding of adjudication in a termination of parental rights proceeding. (Id. at 732).
The instant case is clearly distinguishable from In Re John B. in that the court in this case will first be required to consider and adjudicate the neglect and uncared for petition before it can consider the termination petition. The decision of In Re. John B. relates only to termination of parental rights, not neglect and uncared for petitions. John B. had previously been adjudicated to be a neglected child and was committed to DCYS at the time the termination petitions were filed. Monica C. is not a committed child and has never been adjudicated to be neglected or uncared for. In fact, Monica was found by Judge Axelrod not to be a neglected child, and since the petitioner has withdrawn her appeal of that decision the decision and findings of that decision stand unchallenged. This court will not retry those issues.
Unlike the situation in a termination petition, the court is not required to consider the entire relationship between parent and child in the adjudication phase of a neglect/uncared for petition. In such proceedings the court's only concern must be whether, as of the date of adjudication, the child was neglected or uncared for. The relationship with the parents becomes relevant and material only if the court adjudicates the child to be neglected or uncared for and reaches the dispositional phase of the hearing.
Thus, the decision concerning the issue of res judicata contained in In Re. John B., supra, is not necessarily applicable to the dispositional phase of neglect/uncared for petitions. However, even if In Re John B. is applicable to the instant neglect petition, the petitioner would be required to allege and prove that new, substantial and material facts have arisen since December 14, 1989 which justify the bringing of a new neglect CT Page 690 petition, and a showing that there has been a substantial change in or a continuation of circumstances relating to the neglect of the child before she could introduce facts that existed prior to the adjudication date of the earlier decision.
The court finds that there is little to distinguish the initial neglect petition, including the allegation of predictive neglect, filed in April, 1989 from the new neglect petition, including the allegation of predictive neglect, filed in October, 1990. Both allege the exact same grounds in exactly same language. Since Monica was not a neglected child as of December 14, 1989, and since the petition indicates that the child has resided in foster care since that time, the question then becomes whether the petition alleges new, substantial and material facts that have occurred since the adjudication date of the last petition, and/or a continuation of or change in circumstances, which prove that mother has neglected Monica or would neglect Monica if the child were placed in her care.
The court finds that the petition contains no allegation of new facts to support the ground that the child was permitted to live under conditions, circumstances or associations injurious to her well-being subsequent to the first trial. Therefore, that portion of the neglect petition is dismissed.
The facts claimed to have occurred since the adjudication of the prior petition which the petitioner claims would prove that the child would be denied proper care and attention physically, educationally and emotionally, are very similar to those of the initial petition. While there are some new allegations of fact, mother's emotional instability, her mental and emotional limitations, her involvement with the criminal justice system, the fact that that she placed the child in foster care, the allegation of failing to visit with the child were, for the most part, the same issues presented to and rejected to and rejected the the court during the first trial.
The allegations of new arrest, contained in the petition filed on October 22, 1990 are are not substantial, and are mere allegations. They do not allege that the incidents directly or even indirectly involved the child.
The new uncared for petition, and its supporting allegation of fact, alleges that the child would be homeless if returned to the custody of her mother. If proven, this might also be evidence of neglect if the child would be denied proper care and attention physically and emotionally if she were homeless. However, since the issue of homelessness is based only upon allegations of fact that have occurred subsequent to the first adjudication, the question of the admissibility of prior evidence is inapplicable to the uncared for portion of the petition.
Since the court is required to view a neglect petition liberally (P.B. Sect. 1027), the court finds that there is only one new, substantial and material allegation reflecting a change in and continuation of CT Page 691 circumstances contained within the new neglect petition which warrants a return to facts previously adjudicated. (Emphasis added). That issue involves the mother's mental and emotional condition. It is alleged that mother's mental and emotional condition prevent her from parenting the child and therefore placing the child in her custody would deny the child proper care and attention physically, educationally and emotionally. That allegation relates to a continuing condition which might well require the court, in the best interest of the child, to examine and reflect upon the past history of mother's mental and emotional condition in order to predict her future ability to care for this child.
The court rules that the decision of Judge Axlrod is res judicata as to facts that existed up to and including December 14, 1989 with the exception of continuing observations concerning mother's mental/emotional state and its relationship, if any, to the issue of predictive neglect.
Consequently, with the exception of evidence concerning mother's mental/emotional status, it is the ruling of this court that the petitioner will be limited in the evidence which she may present during the adjudication phase of the neglect and uncare trial to those facts which occurred subsequent to December 14, 1989, and which are stated within the petition and the amendment to the petition.
The procedure which the court must follow in coterminous trials is to first address the neglect/uncared for petition and determine whether the petitioner has proven by a fair preponderance of the evidence the allegations contained therein. If the court does not adjudicate the child to be neglected or uncared for both petitions must be dismissed without a determination of the issues in the termination petition.
Since in the first trial of this case the court found that the petitioner had not proven that the child was neglected, it should not thereafter have considered the termination petition. That the court did so was a superfluous and without legal effect. Its findings as to the termination petition are therefore not binding and are not res judicata in any subsequent proceeding.
Consequently, if this court adjudicates Monica to be neglected or uncared for, the petitioner will then be permitted to present any and all relevant, material and competent evidence probative of the grounds alleged in the termination petition, whether said evidence arose prior or subsequent to the earlier trial.
The respondent's motion to dismiss is denied, except as indicated in this decision.
Dated at Montville this 11th day of January, 1991.
TERENCE SULLIVAN, JUDGE CT Page 692